IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KENNETH A. MATHIS,
    Petitioner,

vs.                                Case No.: 5:05cv86/SPM/EMT

JAMES V. CROSBY, JR.,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

        Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondent filed a motion to dismiss the petition as untimely (Doc. 18). Petitioner filed a reply (Doc. 20). This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

        In 1998, following a jury trial, Petitioner was convicted in the Circuit Court in and for Washington County, Florida, of second degree murder of his brother (Doc. 18, Ex. A). He was sentenced to twenty-five years of imprisonment, with jail credit of 245 days, to be followed by a period of twenty years of probation (*id.*). Petitioner appealed his conviction and sentence to the Florida First District Court of Appeals ("First DCA"). On December 6, 1999, the First DCA affirmed the conviction per curiam without opinion (*id.*, Ex. B). Mathis v. State, 810 So.2d 925 (Fla. 1st DCA Dec. 6, 1999) (Table). Petitioner did not seek certiorari review by the Florida Supreme Court or the United States Supreme Court (Doc. 1 at 2).

On November 28, 2001, Petitioner filed a motion for postconviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. 18, Ex. C at 1-15).  The trial court summarily denied the motion on August 27, 2002 (*id*. at 22-24).  Petitioner appealed the denial to the Florida First DCA, and the appellate court affirmed per curiam without opinion on February 20, 2003, with the mandate issuing March 18, 2003 (Doc. 18, Exs. D, E).  Mathis v. State, 838 So.2d 1151 (Fla. 1st DCA Feb. 20, 2003) (Table).

Petitioner filed the instant habeas action on April 13, 2005 (Doc. 1 at 6).  Petitioner concedes that his petition is untimely (*see* Doc. 1 at M-2; Doc. 20 at 3), however, he asserts he is entitled to federal habeas review because he is actually innocent of the crime of which he was convicted.

A habeas petitioner attempting to make a showing of actual innocence must raise "new facts" that cast "sufficient doubt upon [his] guilt to undermine confidence in the result of a trial without the assurance that the trial was untainted by constitutional error."  Schlup v. Delo, 513 U.S. 298, 317, 115 S.Ct. 851, 862, 130 L.Ed.2d 808 (1995).  The Eleventh Circuit has interpreted this requirement as follows:

> In practical terms, this means that the petitioner must show that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'  To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."

Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004) (quoting Schlup, 513 U.S. at 327 (quoting Murray v. Carrier, 477 U. S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986))).  To accomplish this, a petitioner must "support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial."  Schlup, 513 U.S. at 324.

In the instant case, Petitioner alleges that had his counsel effectively investigated and "attack[ed]" the circumstantial evidence against him, he would have been acquitted of murdering his brother, and another man, Bobby Griffin, would have been convicted (Doc. 1 at M-4, M-14).  However, Petitioner does not allege the existence of new facts that were not presented to the jury; instead, Petitioner simply restates the facts presented at trial and argues that the facts support an alternative theory as to the murder, one in which Bobby Griffin was the murderer (*see* Doc. 1 at M-

5-11). Petitioner states that upon his counsel's motion for judgment of acquittal at the close of the evidence, the trial judge took the motion under advisement and described it as "a close question" (*id.* at M-11). In essence, Petitioner asks this court to re-weigh the evidence presented to the jury and conclude that his theory as to who committed the murder is more sensible than the theory accepted by the jury. Petitioner's recitation of the evidence adduced at his trial, without the assertion of new reliable evidence that was not presented, does not constitute a showing of his actual innocence. *See, e.g.*, Tinker v. Moore, 255 F.3d 1331, 1334 n. 3 (11th Cir. 2001) (rejecting petitioner's argument that the district court erred in not holding evidentiary hearing on his actual innocence claim or to determine whether equitable tolling should apply where petitioner argued a claim of insufficiency of the evidence, not factual innocence). Therefore, Petitioner has failed to present a colorable claim of actual innocence.

For the aforementioned reasons, this court concludes that the instant petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's Motion to Dismiss (Doc. 18) be **GRANTED**.

2. That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED** with prejudice as untimely.

At Pensacola this 20th day of December 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** ***See*** **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 5:05cv86/SPM/EMT